## Evans *v.* Campion, Appellant.

*Contract—Building contract—Execution—Levy on materials.*

Where a written agreement between a contractor in a building operation and an owner, provides that building materials delivered to the operation, shall be the property of the owner, and that after the operation is completed, the buildings shall be sold, and the balance of the proceeds after payment of the liens and claims shall be paid to the contractor, and the owner has incurred obligations on the faith of the agreement, a judgment creditor of the contractor cannot levy on building materials delivered to the operation; and especially is this the case, where the judgment was for material furnished to another operation.

Argued Oct. 16, 1917. Appeal, No. 148, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., April T., 1916, No. 228, for plaintiff on case tried by the court without a jury in suit of Charles C. Evans v. George E. Campion. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Sheriff's interpleader.

522, (1917).] Assignment of Error—Opinion of the Court.

The case was tried by CASSIDY, J., without a jury, and judgment was entered for plaintiff.

The opinion of the Superior Court states the case.

*Error assigned* was the judgment of the court.

*Howard E. Heckler*, for appellant.—The present case is one where the attack is made upon the property by one standing in the relation of creditor of a party who seeks to enjoy all the rights of ownership, the right to dispose of the same, and where he may even become invested with its ownership, free from any interference on the part of the trustees, relieved only of the incident that all property is subject to, a man's debts; and, in that respect, this case is similar to and ruled by such cases as: Mackason's App., 42 Pa. 330; Holbrook's Est., 213 Pa. 93; Nolan and Nolan, 218 Pa. 135; Philadelphia v. Meredith, 49 Pa. Superior Ct. 600; Rienzi v. Goodin, 249 Pa. 546.

*Edward Hopkinson, Jr.*, with him *Abraham M. Beitler*, for appellee, cited: Duplan Silk Co. v. Spencer, 115 Fed. Rep. 689.

OPINION BY WILLIAMS, J., December 13, 1917:

Campion issued execution on certain brick, lumber, and structural iron, delivered to a building operation as the property of Hart & Bailey, builders, who were erecting the houses. Evans, claiming the ownership of the property levied upon, had an interpleader framed. Campion's judgment was for work done on another operation. He rests his right upon that of Hart and Bailey, who ordered the material; and Evans rests his upon an agreement transferring to him title to the materials furnished to the operation, in trust for the Central Trust Company, which in return furnished the capital to finance the operation, and issued policies of indemnity against mechanics' liens, etc. At the comple-

tion of the operation, the houses were to be sold by Evans, under the direction of the trust company, and the net proceeds, after the payment of all prior liens and claims arising out of the erection of the houses, were to be accounted for to the builders.

The court below held that title to the materials levied upon was in the claimant under the agreement, and not liable to seizure by judgment creditors of the builders.

Appellant contends that the agreement under which the claimant was held to have title to the goods is void as against creditors, as an attempt to settle the debtors' property so that it could not be reached by creditors, and yet permit them to receive all the benefit therefrom.   The cases cited are not applicable.   In them the property settled was the absolute property of the settlor, the settlement was for life with power of disposition by will, and no remedy is given the creditors under the trust agreement.   In this case the builders had no control over the materials except for the purpose of erecting the houses in the operation.   Their only interest was a right to an accounting after the houses were sold.   The law gives a remedy in an attachment execution for the collection of a judgment against such an asset.   The agreement not being void, the execution had no title to operate upon and must fall.

The judgment is affirmed.